# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TREMAINE BLAKE,<br><br>               Plaintiff,<br><br><br><br>    -v.-<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>CAPITAL ACCOUNTS, LLC,<br>DORT FEDERAL CREDIT UNION,<br>CAPITAL ONE FINANCIAL CORPORATION.<br><br>              Defendant(s). | **COMPLAINT**<br><br>C.A. No.: 4:18-cv-13815 |

Plaintiff Tremaine Blake ("Plaintiff"), by and through her attorneys, and as and for her Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Dort Federal Credit Union ("Dort"), Capital One Financial Corporation ("Capital One") and Capital Accounts, LLC ("CA") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

2. Plaintiff also brings this action for damages arising from the Defendants who are debt collectors, violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

3. Plaintiff is a resident of the State of Michigan, County of Genesee, residing at 3610 Suffolk Court, Flushing, MI, 48433.

4. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692.

5. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Michigan, and may be served with process upon the CSC- Lawyers Incorporating Service its registered agent for service of process at 601 Abbot Road, East Lansing, MI, 48823.

6. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

7. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

8. Defendant Capital Accounts, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant Capital Accounts was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

10. Defendant Capital Accounts is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and can be served c/o of the registered agent Incorp Services, Inc., 2285 S Michigan Road, Eaton Rapids, MI, 48827.

11. Defendant Dort Federal Credit Union is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 9048 Holly Road, Grand Blanc, Michigan, 48439.

12. Defendant Capital One Financial Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 1680 Capital One Drive, Mclean, VA, 22102.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*. Additional claims fall under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### *FDCPA Violation by Defendant Capital Accounts*

16. On information and belief, on a date better known to Defendant CA, Defendant CA began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt") on behalf of the Foot and Ankle Institute of SE.

17. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Specifically, the Alleged Debt was a medical debt, which is defined as a personal obligation and consumer debt under the FDCPA.

19. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

20. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on June 27, 2018.

21. Plaintiff examined her credit report again on August 9, 2018 and found that Defendant had re-reported the credit account to the bureau(s) in August 2018.

22. With the failure to remove the trade line, the Plaintiff's credit score, a benchmark for near all facets of life in today's society has been deflated.

23. The Plaintiff's credit score has been lowered, which has resulted in inability to gain credit, less favorable interest rates and could hinder future employment opportunities.

24. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<u>Capital Accounts Dispute and Violation</u>

25. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her CA medical debt.

26. The inaccurate information furnished by Defendant CA and published by Defendant Equifax is inaccurate since the credit reporting states an incorrect balance for the alleged debt.

27. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff notified Equifax that she disputed the accuracy of the information being reported, on or around June 27, 2018 specifically stating in a letter that she the increasing balance.

29. It is believed and therefore averred that Defendant Equifax notified Defendant CA of Plaintiff's dispute.

30. Upon receipt of the dispute of the account from the Plaintiff by Equifax, CA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including the misstated balance.

31. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

32. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

33. As of the date of the filing of the filing of this Complaint, Defendant CA continues to furnish credit data which is inaccurate and materially misleading, and Defendant's Equifax reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

34. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

35. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Dort Federal Credit Union Dispute and Violation</u>

36. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Dort credit union account.

37. The inaccurate information furnished by Defendant Dort and published by Defendant Equifax is inaccurate since the account contains incorrect late payments notations.

38. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

39. Plaintiff notified Equifax that she disputed the accuracy of the information being reported, on or around June 27, 2018 specifically stating in a letter that she was disputing the incorrect late payments.

40. It is believed and therefore averred that Defendant Equifax notified Defendant Dort of Plaintiff's dispute.

41. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Dort failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including late payment notations.

42. Furthermore, Dort failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

43. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

44. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

45. As of the date of the filing of the filing of this Complaint, Defendant Dort continues to furnish credit data which is inaccurate and materially misleading, and Defendant's Equifax reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

46. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

47. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Capital One Dispute and Violation</u>

48. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Capital One credit card.

49. The inaccurate information furnished by Defendant Capital One and published by Defendant Equifax is inaccurate since the credit reporting contains incorrect late payments.

50. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

51. Plaintiff notified Equifax that she disputed the accuracy of the information being reported, on or around June 27, 2018 specifically stating in a letter that she was disputing these late payments.

52. It is believed and therefore averred that Defendant Equifax notified Defendant Capital One of Plaintiff's dispute.

53. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Capital One failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including the reporting of these late payments.

54. Furthermore, Capital One failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

55. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not evaluate or consider any of

the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

56. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating the intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

57. As of the date of the filing of the filing of this Complaint, Defendant Capital One continues to furnish credit data which is inaccurate and materially misleading, and Defendant's Equifax reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

58. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

59. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

### FIRST CAUSE OF ACTION

**(Willful Violation of the FCRA as to Equifax)**

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

62. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

63. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

64. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

66. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **SECOND CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Equifax)**

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

69. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

70. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

71. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Defendant Capital One)**

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

76. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

77. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

78. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

79. The Defendant Capital One violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all

relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

80. Specifically, the Defendant Capital One continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the late payments being reported.

81. Additionally, the Defendant Capital One failed to mark the account as disputed after receiving the dispute letter.

82. As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

83. The conduct, action and inaction of Defendant Capital One was willful, rendering Defendant Capital One liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant Capital One for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Capital One)

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

86. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

87. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

88. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

89. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

90. Defendant Capital One is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

91. After receiving the Dispute Notice from Equifax, Defendant Capital One negligently failed to conduct its reinvestigation in good faith.

92. A reasonable investigation would require a furnisher such as Defendant Capital One to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

93. Additionally, the Defendant Capital One failed to mark the account as disputed after receiving the dispute letter.

94. The conduct, action and inaction of Defendant Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

95. As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

96. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant Capital One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **FIFTH CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Defendant Dort)**

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

98. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

99. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

100.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

101.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

102.    The Defendant Dort violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

103.    Specifically, the Defendant Dort continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the late payment notations.

104.    Additionally, the Defendant Dort failed to mark the account as disputed after receiving the dispute letter.

105.    As a result of the conduct, action and inaction of the Defendant Dort, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

106.    The conduct, action and inaction of Defendant Dort was willful, rendering Defendant Dort liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

107.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Dort in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant Dort for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### SIXTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Defendant Dort)**

108.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

109.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

110.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

111.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

112.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

113.     Defendant Dort is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

114.     After receiving the Dispute Notice from Equifax, Defendant Dort negligently failed to conduct its reinvestigation in good faith.

115.     A reasonable investigation would require a furnisher such as Defendant Dort to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

116.     Additionally, the Defendant Dort failed to mark the account as disputed after receiving the dispute letter.

117.     The conduct, action and inaction of Defendant Dort was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

118.     As a result of the conduct, action and inaction of the Defendant Dort, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

119.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Dort in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant Dort, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant CA)

120.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

121.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

122.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

123.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

124.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

125.     The Defendant CA violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

126.     Specifically, the Defendant CA continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the balance of the debt.

127.     As a result of the conduct, action and inaction of the Defendant CA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit,

and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

128.     The conduct, action and inaction of Defendant CA was willful, rendering Defendant CA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

129.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant CA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant CA for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant CA)

130.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

131.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

132.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

133.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

134.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

135.     Defendant CA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

136.     After receiving the Dispute Notice from Equifax, Defendant CA negligently failed to conduct its reinvestigation in good faith.

137.     A reasonable investigation would require a furnisher such as Defendant CA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

138.     The conduct, action and inaction of Defendant CA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

139.     As a result of the conduct, action and inaction of the Defendant CA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

140.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant CA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Tremaine Blake, an individual, demands judgment in her favor against Defendant CA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## NINETH CAUSE OF ACTION
### (Violations of the FDCPA as to Defendant CA)

141.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

142.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

143.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

144.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1) and 15 U.S.C. § 1692k(a)1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692k(2)(A);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), 15 U.S.C. § 1640(a)(3) and 15 U.S.C. § 1692k(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: 12/10/2018                                 Respectfully Submitted,

**STEIN SAKS, PLLC**

/S/Yaakov Saks
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ, 07601
ysaks@steinsakslegal.com
*Counsel for Plaintiff Tremaine Blake*